JONES v. PERKINS.

1. In an action to try titles to land, the plaintiff claiming a part of the premises as tenant in common with the defendant, the defendant not being himself a mere trespasser, may, to defeat the plaintiff, prove that a stranger has better title to the portion claimed, though he does not claim under him.

2. One tenant in common cannot maintain the action of trespass to try titles against a co-tenant, without proving an actual ouster.

RICHARD PERKINS brought an action of trespass to try titles, in the Circuit Court of Madison county, against Alexander P. Jones, to recover possession of an undivided third part of a certain tract of land in said county, which the plaintiff sued for, under a deed from one Benjamin Perkins, who claimed a life estate in said portion as

the husband of, and in right of his wife, who was a daughter of one Lewellen Jones, and entitled to one third of his estate. At May term, 1827, of said Court, a verdict was found for the plaintiff for the land, and $831 48 damages. The defendant took a bill of exceptions, and assigns the matter thereof as error. The material facts appear in the

Opinion delivered by the CHIEF JUSTICE.

THE facts to be collected from the record, so far as they are material in this case, are, that the premises sued for are a part of the estate of Lewellen Jones, deceased; that the said deceased left two sons, Alexander P. the defendant below, John N. S. Jones, and Mrs Perkins, the wife of Benjamin Perkins, his heirs at law; that the defendant, after the death of his father, had taken possession of the premises sued for, and continued in the possession for several years before the commencement of the plaintiff's suit. The plaintiff claimed title by a deed purporting to have been made by Benjamin Perkins, transferring to him all his interest in the real and personal property of the said Lewellen, within the State of Alabama. On the trial, the defendant offered to prove that all the right and title that the said Benjamin Perkins had in the premises, had vested by sheriff's sale, in one Thomas Moore, a judgement creditor of the said Benjamin, prior to the sale to the plaintiff. But this testimony was rejected by the Court; and the Judge charged the jury, that "the defendant could not be permitted to adduce evidence of an adverse title in a stranger from whom he does not profess to derive any title; or between whom and himself there is no connexion of interest." This charge is now assigned for error. If the defendant can, from the evidence, be viewed in the light of a mere trespasser without color of title, perhaps the charge could well be sustained. He ought not in such a case, to be permitted to shew a paramount outstanding title in a stranger, to defeat the *prima facie* title of the plaintiff; it would be unreasonable, under such circumstances to allow him to protect himself in the trespass by such testimony. But this rule has never been so far extended as to embrace a defendant who had entered and was in possession under a claim of right. The entry of the defendant was certainly legal; he was the heir at law to one third of the premises in dispute, as a

65

tenant in the nature of a copartener with his brother and sister, and could in no wise be viewed as a mere intruder. The plaintiff then, if he had succeeded in establishing his right to one third, would have been only a tenant in common; and it was competent for the defendant to defeat his title if he could, by proving that another person, and not the plaintiff, was his co-tenant. We are further of the opinion, that one tenant in common cannot maintain this action against his co-tenant, without proving an actual ouster. The charge of the Court below was consequently, we think, erroneous, and the judgement must be reversed, and the cause remanded.

JUDGE SAFFOLD not sitting.

CLAY and M'CLUNG, for the plaintiff in error.

KELLY and HUTCHINSON, for the defendant.